**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

SUSAN R. SEARS,                          )
                                          )
                   Plaintiff,             )
                                          )
        v.                                )
                                          ) No.06-0718-CV-W-FJG-SSA
MICHAEL J. ASTRUE[1],                     )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
                   Defendant.             )


**ORDER**


This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et

seq., in which plaintiff requested review of the Commissioner's decision denying her

application for disability benefits.  Plaintiff's claims were denied initially.  On March 17,

2005, an administrative law judge (ALJ) rendered a decision in which he found that Plaintiff

was not under a "disability," as defined in the Act.  On June 30, 2006, the Appeals Council

of the Social Security Administration denied plaintiff's request for review.  Thus, the ALJ's

decision stands as the final decision of the Commissioner.  Plaintiff's appeal is before the

Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9).  The facts and arguments

are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial

review of a "final decision" of the Commissioner of the Social Security Administration under

Title II.  Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review

to the same extent as the Commissioner's final determination under section 205. Judicial

_____

[1]Michael J. Astrue was sworn in as Commissioner of the Social Security
Administration on February 12, 2007.

review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. <u>Siemers v. Shalala</u>, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. <u>Fountain v. Railroad Retirement Bd.</u>, 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. <u>Craig v. Chater</u>, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing <u>McClees v. Shalala</u>, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. <u>Johnson v. Chater</u>, 108 F.3d 178, 179 (8th Cir. 1997), <u>citations</u> <u>omitted.</u> The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. <u>Clarke v. Bowen</u>, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." <u>Id.</u> Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." <u>Roe v. Chater</u>, 92 F.3d 672, 672 (8th Cir. 1996) (quoting <u>Robinson v. Sullivan</u>, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected

2

to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A).

If the claimant succeeds, the burden of production shifts to the commissioner to establish

that plaintiff can perform some other type of substantial gainful activity in the national

economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed.

Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record. As a result of that review,

the Court agrees with the arguments in the Commissioner's brief and finds that the record

as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, it is

**ORDERED** that plaintiff's claim, as stated in her Motion for Summary Judgment

(Doc. No. 9) is **DENIED**. The decision of the ALJ is **AFFIRMED.**


Date: 3/15/07                                           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge

Case 4:06-cv-00718-FJG   Document 14   Filed 03/15/07   Page 3 of 3